*Exhibit C*

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EDWIN EARL GRAYSON and | § | |
| TYSON LEE GRAYSON | § | |
| *Plaintiffs,* | § | |
| | § | Civil Action No. 1:21-cv-00439 |
| V. | § | |
| | § | |
| SKYLARK LOGISTICS, INC., | § | |
| SANDEEP SINGH CURRY, and | § | |
| RAJINDER KAUR LAMEY | § | |
| *Defendants.* | § | |

## INDEX OF MATTERS BEING FILED

TO:   THE CLERK OF THE WESTERN DISTRICT COURT OF TEXAS, AUSTIN DIVISION

Defendants, Skylark Logistics, Inc., Sandeep Singh Curry and Rajinder Kaur Lamey, attach this Index of Matters Being Filed to their Notice of Removal.

1.   Docket Report/Case History for Cause No. D-1-GN-21-001295 (dated May 18, 2021);

2.   Plaintiffs' Original Petition (filed March 24, 2021);

3.   Copies of citations issued by Court to Defendants (issued March 26, 2021); and

4.   Defendants' Original Answer and Request for Disclosure Subject to Defendants' Motion to Transfer Venue (filed May 10, 2021).

Respectfully submitted,

**CASTAGNA SCOTT, L.L.P.**
1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax


By:   */s/ Lynn S. Castagna*
Lynn S. Castagna
State Bar No. 03980520
Lynn@texasdefense.com
Chuck Shiver
State Bar No. 00792832
Chuck@texasdefense.com

**ATTORNEYS FOR DEFENDANTS**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the following person(s), in the manner(s) indicated below:

| *VIA FACSIMILE: 713/739-8347* *And/or VIA E-SERVICE* | *VIA FACSIMILE: 903/893-5558* *And/or VIA E-SERVICE* |
|---|---|
| Micky N. Das | Christopher Rehmet |
| Tyler & Das | Tate Rehmet Law Office, P.C. |
| 1811 Bering Drive, Suite 225 | 2902 N. U.S. Highway 75 |
| Houston, Texas 77057 | Sherman, Texas. 75090 |

and in accordance with the Federal Rules of Civil Procedure, on the 18th day of May, 2021.


 */s/ Lynn S. Castagna*
Lynn S. Castagna

 (https://www.traviscountytx.gov)

**District Clerk - AARO - Attorney Access to Records Online**

# Details

Updated : Tuesday, May 18, 2021 4:35:45 AM

**Cause Number**
D-1-GN-21-001295
**Style**
GRAYSON V SKYLARK ET AL
**Filed Date**
3/24/2021
**Court**
250
**Type**
MOTOR VEHICLE ACCIDENT (GEN LIT )
**Case Status**
PENDING
**Action/Offense**
**Hearing Date**

Request Documents (https://www.traviscountytx.gov/district-clerk/r

New Search (/aaro/)

| Attorney | Type | Party - Full/Business | Party - Person |
|---|---|---|---|
| DAS MICKY N. | PLAINTIFF | | GRAYSON , TYSON LEE |
| CASTAGNA LYNN S. | DEFENDANT | | LAMEY , RAJINDER KAUR |
| CASTAGNA LYNN S. | DEFENDANT | | CURRY , SANDEEP SINGH |
| CASTAGNA LYNN S. | DEFENDANT | SKYLARK LOGISTICS INC | |
| DAS MICKY N. | PLAINTIFF | | GRAYSON , EDWIN EARL |

| Date | Court | Party | Description | Category | Pages | |
|---|---|---|---|---|---|---|
| 5/10/2021 | 250 | DF | ANSWER/RESPONSE | ANS-RESP | 13 | Download (/aaro/Default/GetPdf?barCodeId=7594926) |
| 3/26/2021 | 250 | DF | ISS:CITATION | ISSUANCE | 1 | Download (/aaro/Default/GetPdf?barCodeId=7530710) |
| 3/26/2021 | 250 | DF | ISS:CITATION | ISSUANCE | 1 | Download (/aaro/Default/GetPdf?barCodeId=7530709) |
| 3/26/2021 | 250 | DF | ISS:CITATION | ISSUANCE | 1 | Download (/aaro/Default/GetPdf?barCodeId=7530707) |
| 3/24/2021 | 250 | PL | ORIGINAL PETITION/APPLICATION | PET-PL | 21 | Download (/aaro/Default/GetPdf?barCodeId=7527640) |

Request Documents (https://www.traviscountytx.gov/district-clerk/records-request)

New Search (/aaro/)

© 2021 Travis County, Texas - All rights reserved.

3/24/2021 3:23 PM
**Velva L. Price
District Clerk
Travis County
D-1-GN-21-001295
Jessica A. Limon**

CAUSE NO. <u>**D-1-GN-21-001295**</u>

| | | |
|---|---|---|
| EDWIN EARL GRAYSON and | § | IN THE DISTRICT COURT OF |
| TYSON LEE GRAYSON | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| SKYLARK LOGISTICS, INC., | § | |
| SANDEEP SINGH CURRY, and | § | |
| RAJINDER KAUR LAMEY | § | |
| Defendants. | § | <u>**250TH**</u> JUDICIAL DISTRICT COURT |

## **PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, EDWIN EARL GRAYSON and TYSON LEE GRAYSON ("Plaintiffs"), in the above-styled and numbered cause, complaining of SKYLARK LOGISTICS, INC., SANDEEP SINGH CURRY, and RAJINDER KAUR LAMEY (collectively "Defendants") and for cause of action would show the Court the following:

**I.**
### **Discovery Control Plan and Statement of Claim**

1. Plaintiffs intend that discovery in this case shall be conducted under Level 3 as set forth in TRCP 190.4 and in accordance with and pursuant to any Docket Control Order/Scheduling Order which may be issued by this Court and as may be agreed to and/or amended by the parties pursuant to TRCP 11 Agreement.

2. Plaintiffs seek damages within the jurisdictional limits of the Court. Per Tex. R. Civ. P. 47, the monetary relief sought is over $1,000,000.00.

Copy from re:SearchTX

## II.
## Parties

3.    Plaintiff EDWIN EARL GRAYSON ("Edwin Grayson"), is a natural person who resides part time in the State of Texas.   Edwin is the father of TYSON LEE GRAYSON.

4.    Plaintiff TYSON LEE GRAYSON ("Tyson Grayson") is a natural person who resides part time in the State of Texas.   Tyson is the son of EDWIN EARL GRAYSON.

5.    Defendant SKYLARK LOGISTICS, INC. ("Skylark"), is a nonresident, foreign for- profit Canadian corporation having a US DOT No.: 1193154. Skylark operates and does business throughout the United States and Canada and has committed a tort in whole or in part in this state (Texas) and is therefore doing business in this state pursuant to the provisions of CPRC §17.042, in addition to any other acts that may constitute doing business in Texas.   Defendant Skylark does not maintain a place of business in the State of Texas, nor does it have a registered agent for service of process in the State of Texas and has therefore designated the Secretary of State of Texas as well as the Chairman of the Texas Transportation Commission as its designated agent for service of process.   Service of process for Defendant Skylark is being requested to be made on the Secretary of State of Texas, pursuant to the provisions of §17.001 and following of the Texas Civil Practice and Remedies Code.   Skylark has been summoned to appear herein, by the clerk of the court serving a copy of this Petition and Citation, by certified mail, return receipt requested, on the Texas Secretary of State, as Agent for Service of Process for Skylark at P.O. Box 12079, Austin, Texas 78711-2079.   The Secretary of State, as agent for service of process shall forward, by registered or certified mail, a copy of this petition and citation to:

Plaintiffs' Original Petition 3-24-2021.docx

2

Copy from re:SearchTX

**President/Director/person in charge; or**
**Any other person in charge**
**Skylark Logistics, Inc.**
**295 Mason Road**
**Cambridge, ON N3C 2V4**
**Canada.**

6.      Defendant SANDEEP SINGH CURRY ("Curry") is an individual who resides in Woodstock, Canada.   Said Defendant is a nonresident who was involved in a collision and accident that forms the basis of this suit while operating a commercial motor vehicle in the state of Texas.   Defendant Curry has committed a tort in whole or in part in this state and is therefore doing business in this state pursuant to the provisions of CPRC §17.042.   Defendant Curry does not maintain a residence in the State of Texas, nor does he have a registered agent for service of process in the State of Texas. Based on his conduct he has therefore designated the Secretary of State of Texas as well as the Chairman of the Texas Transportation Commission as his designated agent for service of process.   Service of process for Defendant Curry is being requested to be made on the Secretary of State of Texas, pursuant to the provisions of §17.001 and following of the Texas Civil Practice and Remedies Code.   Defendant Curry has been summoned to appear herein, by the clerk of the court serving a copy of this Petition and Citation, by certified mail, return receipt requested, on the Texas Secretary of State, as Agent for Service of Process for Defendant Curry at P.O. Box 12079, Austin, Texas 78711-2079.   The Secretary of State, as agent for service of process shall forward, by registered or certified mail, a copy of this petition and citation to:

**Sandeep Singh Curry**
**1156 Caen Ave.**
**Woodstock, ON N4T 0G3**
**Canada.**

Copy from re:SearchTX

7.     Defendant RAJINDER KAUR LAMEY ("Lamey") is an individual who is believed to reside in Woodstock, Canada.   Said Defendant is a nonresident who was involved in a collision and accident that forms the basis of this suit while operating a commercial motor vehicle in the state of Texas.   Defendant Lamey has committed a tort in whole or in part in this state and is therefore doing business in this state pursuant to the provisions of CPRC §17.042.   Defendant Lamey does not maintain a residence in the State of Texas, nor does she have a registered agent for service of process in the State of Texas. Based on her conduct she has therefore designated the Secretary of State of Texas as well as the Chairman of the Texas Transportation Commission as her designated agent for service of process.   Service of process for Defendant Lamey is being requested to be made on the Secretary of State of Texas, pursuant to the provisions of §17.001 and following of the Texas Civil Practice and Remedies Code.   Defendant Lamey has been summoned to appear herein, by the clerk of the court serving a copy of this Petition and Citation, by certified mail, return receipt requested, on the Texas Secretary of State, as Agent for Service of Process for Defendant Lamey at P.O. Box 12079, Austin, Texas 78711-2079.   The Secretary of State, as agent for service of process shall forward, by registered or certified mail, a copy of this petition and citation to:

**Rajinder Kaur Lamey**
**1156 Caen Ave.**
**Woodstock, ON N4T 0G3**
**Canada.**

### III.
### Venue/Jurisdiction

8.     Venue is proper in Travis County, Texas pursuant to, *inter alia* CPRC § 15.002, because all or a substantial part of the events giving rise to the claim occurred there.

Plaintiffs' Original Petition 3-24-2021.docx

Copy from re:SearchTX

9.     As a result of the foregoing, this Court has subject matter jurisdiction over the dispute, and venue is proper in Travis County, Texas.   The Court additionally has personal jurisdiction over the Defendants in this action based on their activities, conduct (including the committing of torts) and the transaction of business in the State of Texas.

## IV.
## Brief Facts

10.     On or about 04/03/2020, at approximately 2345 [11:45 p.m.], Defendant Curry or alternatively, Defendant Lamey[1] was driving a 2017 Red Freightliner with a corresponding trailer (hereinafter the "subject semi-tractor trailer" and/or "CMV"). Defendant Curry or alternatively, Defendant Lamey was operating the subject semi-tractor trailer and traveling northbound (believed to be in the center lane) on Interstate Highway 35 ("I-35").   Based on investigation to date, the semi-tractor trailer was owned by Defendant Skylark.

11.     While operating the semi-tractor trailer, Defendant Curry or alternatively, Defendant Lamey (believed to be due to fatigue and lack of sleep) began drifting towards the right-side of the roadway, eventually crossing into the right-hand lane, then into the right-hand shoulder and then off the roadway.

12.     Defendant Curry or alternatively, Defendant Lamey then appears to have turned sharply towards the left-side of the roadway to compensate for the drifting; his/her overcompensation and inappropriately secured cargo, caused the semi-tractor trailer to roll over and completely block all lanes of traffic on I-35.

13.     Plaintiff Edwin Grayson was driving a 2020 White F Series pickup truck pulling a goose neck trailer [2019 Load Trail GH0240122] that had been recently purchased from Reid

---

[1] Plaintiffs plead against Defendant Curry and Lamey in the alternative due to conflicting reports and evidence (including video) as to which defendant was driving the subject semi-tractor trailer at the time of the collision.

Copy from re:SearchTX

Enterprises, LLC in Leander, Texas.   Plaintiff Tyson Grayson was in the front passenger seat. The Grayson's were traveling northbound on Interstate Highway 35 behind Defendant Curry or alternatively, Defendant Lamey when, suddenly and immediately, Edwin Grayson was faced with the hazard that has been created by Defendant Curry or alternatively, Defendant Lamey.

14.     With no options and to avoid striking another vehicle and injuring another person, Plaintiff Edwin Grayson chose to apply his brakes and hit the under carriage of the rolled over semi-tractor trailer.

15.     At all material times, Plaintiff Edwin Grayson was operating his vehicle in a safe and lawful manner.   However, Defendant Curry or alternatively, Defendant Lamey due to various reasons, all of which are below the standard of care for a commercial driver, created a hazard and blocked all north bound lanes of traffic on I-35.

16.     At all material times, Defendant Curry or alternatively, Defendant Lamey was driving and operating the subject semi-tractor trailer for and on behalf of Defendant Skylark.   All acts and omissions of Defendant Curry or alternatively, Defendant Lamey are specifically attributable to Defendant Skylark under the doctrines of respondeat superior and/or principal and agent and/or statute and applicable law.

17.     As a direct and proximate result of the acts and omissions of the Defendants, Plaintiffs have incurred substantial injuries and damages. In fact, both Plaintiffs were transported via emergency medical services to Baylor Scott & White Medical Center - Temple following the collision.   Plaintiffs have incurred, *inter alia*, loss wages, loss of earning capacity, medical expenses, physical pain and mental anguish, disfigurement, and physical and mental impairment.

Copy from re:SearchTX

**V.**

**Negligence, Negligence *Per Se* and Gross Negligence of**
**Defendants Skylark Logistics, Inc., Sandeep Singh Curry**
**and Rajinder Kaur Lamey**

18.   Defendant Skylark was and at all times material hereto a "motor carrier" and an "employer" of drivers of "commercial vehicles" as those terms are used and defined in the Federal Motor Carrier Safety Regulations and are subject to such rules and regulations as promulgated and codified within 49 C.F.R. Parts 382 *et. seq*.

19.   At all times material hereto, the subject semi-tractor trailer driven by Defendant Curry or alternatively, Defendant Lamey for Defendant Skylark was a "commercial motor vehicle" under 49 C.F.R. § 390.5.

20.   The Federal Regulations cited above are adopted and enforced by the State of Texas.

21.   At all times material hereto, the subject semi-tractor trailer was owned by or leased to Defendant Skylark.

22.   At all times material hereto, the subject semi-tractor trailer was operated under the motor carrier authority of Defendant Skylark.

23.   At all times material hereto, Defendant Skylark had the right to exclusive possession, control, and use of the subject semi-tractor trailer.

24.   At all times material hereto, Defendant Skylark had complete control over who it would allow to operate the subject semi-tractor trailer.

25.   At all times material hereto, Defendant Curry or alternatively, Defendant Lamey operated the subject semi-tractor trailer with the knowledge, consent, and permission of Defendant Skylark.

Copy from re:SearchTX

26.     At all times material hereto, Defendant Curry or alternatively, Defendant Lamey operated the subject semi-tractor trailer in furtherance of Defendant Skylark's business and was engaged in accomplishing a task for which he/she was employed by Defendant Skylark.

27.     At all times relevant hereto, Defendant Skylark had the authority, right, and duty to control how Defendant Curry or alternatively, Defendant Lamey performed his/her job.

28.     At all times relevant hereto, Defendant Curry or alternatively, Defendant Lamey had a duty to exercise reasonable care in the operation of the Skylark semi-tractor trailer.

29.     At all times, Defendant Curry or alternatively, Defendant Lamey had a duty to operate the Skylark CMV in a careful, prudent, and lawful manner.

30.     Defendant Skylark, by and through their employee, agent, and/or servant Defendant Curry or alternatively, Defendant Lamey, failed in their duties to exercise the degree of care that a reasonably careful person (trucking company) would use to avoid harm to others under circumstances similar to those described herein and were thereby negligent, careless, and reckless in at least the following respects:

    a.     In driving too fast for conditions and circumstances;

    b.     In failing to pay attention and/or become distracted while operating the subject semi-tractor trailer.

    c.     In failing to reduce his/her speed for the driving conditions;

    d.     In failing to control his/her speed;

    e.     In operating the subject semi-tractor trailer on the roadway when conditions required Defendant Curry or alternatively, Defendant Lamey to stop operating a commercial vehicle on the roadway;

    f.     In failing to maintain control of the subject semi-tractor trailer ;

Copy from re:SearchTX

g.      In allowing the semi-tractor trailer of the Skylark CMV to block the roadway, thereby creating a hazardous condition for other motorists, including Plaintiffs, on the roadway;

h.      In failing to activate emergency flashers after the semi-tractor trailer of the Skylark CMV blocked the roadway of I- 35 ;

i.      In becoming disabled in a traffic lane;

j.      In failing to take evasive measures to avoid the collision;

k.      In driving the subject semi-tractor trailer while fatigued or asleep;

l.      In failing to keep a proper lookout for the safety of the Plaintiffs and others utilizing the roadway that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

m.      In creating a hazardous situation resulting in the subject collision:

n.      In violating applicable provisions of the Federal Regulations, Texas Transportation Code and/or other applicable statutes and/or codes; and

o.      Such other acts and omissions of negligence as may be shown during the discovery and trial of this matter.

31.     Each of the above acts and/or omissions, singularly and cumulatively, constitute negligence and/or negligence *per se* and were a proximate cause of the resulting injuries and damages sustained by Plaintiffs.

32.     Defendant Skylark is vicariously liable for Defendant Curry or alternatively, Defendant Lamey's acts, omissions and conduct with constitute negligence.

33.     Independent and in addition to Defendant Skylark's vicarious liability, Defendant Skylark had a duty to exercise reasonable care in hiring, retaining, training, and supervising its drivers and other employees, agents and servants, including Defendant Curry or alternatively, Defendant Lamey.

Plaintiffs' Original Petition 3-24-2021.docx

Copy from re:SearchTX

34.     Independent and in addition to Defendant Skylark's vicarious liability, Defendant Skylark had a duty to exercise reasonable care in entrusting its vehicles and equipment as well as any and all equipment under its control and/or authority such as the Skylark CMV to responsible, adequately trained, competent and qualified drivers.

35.     Defendant Skylark failed to exercise reasonable care in meeting its duties in at least but not limited to the following respects:

    a.    In permitting Defendant Curry or alternatively, Defendant Lamey to operate a commercial motor vehicle when Defendant Curry or alternatively, Defendant Lamey was not qualified to do so;

    b.    In permitting Defendant Curry or alternatively, Defendant Lamey to operate a commercial motor vehicle when Defendant Curry or alternatively, Defendant Lamey was fatigued and without sleep;

    c.    In failing to adequately train, supervise and monitor Defendant Curry or alternatively, Defendant Lamey concerning the safe operation of a commercial motor vehicle;

    d.    In failing to adequate train, instruct, supervise and monitor Defendant Curry or alternatively, Defendant Lamey regarding keeping a proper lookout, night-driving, the relationship between speed, visibility and reaction time, anticipating hazards, and avoiding distractions;

    e.    In failing to train, instruct, supervise and monitor Defendant Curry or alternatively, Defendant Lamey regarding proper procedures and protocols to anticipate and to be followed in the event of an emergency;

    f.    In failing to train, instruct, supervise and monitor Defendant Curry or alternatively, Defendant Lamey regarding proper procedures and protocols to anticipate and to be followed in the event that the vehicle he/she is operating is stopped or stuck on the traveled portion of the roadway or the shoulder of the roadway;

    g.    In failing to train, instruct, supervise and monitor Defendant Curry or alternatively, Defendant Lamey to make sure he/she was not too fatigued or not likely to become too fatigued or ill, to safely operate a commercial motor vehicle;

Copy from re:SearchTX

h.      In permitting Defendant Curry or alternatively, Defendant Lamey to operate a commercial motor vehicle when he/she was too fatigued or ill, or likely to become too fatigued or ill, to safely operate the commercial motor vehicle;

i.      In failing to have adequate policies and procedures that would have required Defendant Curry or alternatively, Defendant Lamey to take reasonable steps to remove the hazardous condition he/she caused by blocking one or more lanes of I-35 and then abandoning his/her tractor trailer; and

j.      Such other acts and omissions of negligence as may be shown during the discovery and trial of this matter

36.     Each of the above acts and/or omissions, singularly and cumulatively, constitute negligence and/or negligence *per se* and were a proximate cause of the resulting injuries and damages (physical and emotional) sustained by the Plaintiffs.

37.     Defendants Skylark and Curry or alternatively, Lamey were negligent *per se* in violating certain Federal Motor Carrier Safety Regulations which were enacted for the benefit of Plaintiffs and others using the roadways, including, but not limited to the following:

a.      49 C.F.R. §396.7(a) "A motor vehicle shall not be operated in such a condition as to likely cause an accident or a breakdown of the vehicle."

b.      49 C.F.R. §392.6 "No motor carrier shall schedule a run nor permit nor require the operation of any commercial motor vehicle between points in such period of time as would necessitate the commercial motor vehicle being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated."

c.      49 C.F.R. §392.22 "Hazard warning signal flashers or emergency flashers must be activated whenever a commercial motor vehicle is stopped upon the traveled portion of a highway or the shoulder of a highway for any cause other than necessary traffic stops. . ." "Warning devices required by Section 395.95 must be placed by the driver whenever a commercial motor vehicle is stopped upon the

Copy from re:SearchTX

traveled portion or the shoulder of a highway for any cause other than necessary traffic stops . . .";

d.  49 C.F.R. Part 390 pertaining to the safe operation by a motor carrier, the training, supervision and duties of motor carriers and their employees, and to aiding and abetting violations of the rules and regulations;

e.  49 C.F.R. §390.3(e)(1) which requires Defendant Skylark to be knowledgeable and comply with all regulations applicable to it and requires it to instruct every driver and employee with regard to all applicable regulations;

f.  49 C.F.R. §392.2 "Every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated. However, if a regulation of the Federal Motor Carrier Safety Administration imposes a higher standard of care than that law, ordinance or regulation, the Federal Motor Carrier Safety Administration regulation must be complied with."

g.  49 C.F.R. §392.82(a)(1) "No driver shall use a hand-held mobile telephone while driving a CMV"; (2) "No motor carrier shall allow or require its drivers to use a hand-held mobile telephone while driving a CMV";

h.  49 C.F.R. §391.11 prohibiting a person from driving a commercial motor vehicle unless he/she is qualified to drive a commercial motor vehicle; and

i.  Such other provisions of 49 C.F.R. Part 390 as may be shown to have been violated by the Defendants in the course of discovery and the trial of this case.

38.  Each of the above acts and/or omissions, singularly and cumulatively, constitute negligence and/or negligence *per se* and were a proximate cause of the resulting injuries and damages (physical and emotional) sustained by the Plaintiffs.

Copy from re:SearchTX

**VI.**
**Respondeat Superior, Vicarious Liability,**
**Joint Venture, Agency and Borrowed Employee**

39.    At all relevant times, Defendant Skylark was the owner of or in control of the subject semi-tractor trailer and/or maintained control over the subject semi-tractor trailer and/or the employer(s) of Defendant Curry or alternatively, Defendant Lamey and/or had the right to control Defendant Curry or alternatively, Defendant Lamey and the use of the subject semi-tractor trailer.   Defendant Curry or alternatively, Defendant Lamey was acting within the course and scope of his/her employment and/or agency with Defendant Skylark at the time of the collision in question.    The subject semi-tractor trailer driven by Defendant Curry or alternatively, Defendant Lamey was either owned by or under the care, custody or control of Defendant Skylark.

40.    Plaintiffs allege that Defendant Skylark is vicariously liable based on the doctrines of *Respondeat Superior and/or Joint Venture and/or Agency and/or Borrowed Employee*. Defendant Skylark are liable to Plaintiffs by virtue of the negligent, negligent *per se*, and gross negligent conduct of its employee/agent/driver, Defendant Curry or alternatively, Defendant Lamey, as described above, since such negligence, negligent *per se* and gross negligence was a proximate cause of the collision in question, injuries and damages sustained by Plaintiffs.

**VII.**
**Damages**

41.    As a result of the Defendants' negligence, negligence *per se*, and gross negligence and the occurrence in question, Plaintiff Edwin Earl Grayson has sustained serious personal injuries, mental anguish, physical pain and suffering, disfigurement, medical expenses in the past, lost wages in the past, and impairment and disability in the past.   Plaintiff Edwin Earl Grayson respectfully requests the court and jury to determine the amount of loss he has incurred and will

Copy from re:SearchTX

incur in the future not only from a financial standpoint but also in terms of good health and freedom

from pain and worry.   There are certain elements of damages provided by law that Plaintiff Edwin

Earl Grayson is entitled to have the jury in this case consider separately to determine the sum of

money for each element that will fairly and reasonably compensate Plaintiff Edwin Earl Grayson

for his injuries, damages and losses incurred from the date of the accident in question until the

time of trial of this case, those elements of damages are as follows:

     a.     The physical pain that Plaintiff Edwin Earl Grayson has suffered from the date of the occurrence in question up to the time of trial;

     b.     The mental anguish that Plaintiff Edwin Earl Grayson has suffered from the date of the occurrence in question up to the time of trial;

     c.     The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff Edwin Earl Grayson's injuries from the date of the accident in question up to the time of trial;

     d.     The loss and/or reduction of earnings and/or earning capacity sustained by Plaintiff Edwin Earl Grayson from the date of the occurrence in question up to the time of trial;

     e.     The disfigurement which the Plaintiff Edwin Earl Grayson has suffered from the date of the occurrence in question up to the time of trial; and

     f.     The physical impairment which the Plaintiff Edwin Earl Grayson has suffered from the date of the occurrence in question up to the time of trial.

42.     Further, the following are elements of damages to be considered separately which

Plaintiff Edwin Earl Grayson will sustain in the future beyond the trial that are determined by a

preponderance of the evidence upon trial of this cause:

     a.     The physical pain that Plaintiff Edwin Earl Grayson will suffer in the future beyond the time of trial;

     b.     The mental anguish that Plaintiff Edwin Earl Grayson will suffer in the future beyond the time of trial;

Copy from re:SearchTX

c.     The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff Edwin Earl Grayson's injuries in the future beyond the time of trial;

d.     The loss and/or reduction in Plaintiff Edwin Earl Grayson's earnings or earning capacity in the future caused by the injuries sustained in the occurrence in question;

e.     The disfigurement that the Plaintiff Edwin Earl Grayson will suffer in the future beyond the time of trial; and

f.     The physical impairment which the Plaintiff Edwin Earl Grayson will suffer in the future beyond the time of trial.

43.     As a result of the Defendants' negligence, negligence *per se*, and gross negligence and the occurrence in question, Plaintiff Tyson Lee Grayson has sustained serious personal injuries, mental anguish, physical pain and suffering, disfigurement, medical expenses in the past, lost wages in the past, and impairment and disability in the past.   Plaintiff Tyson Lee Grayson respectfully requests the court and jury to determine the amount of loss he has incurred and will incur in the future not only from a financial standpoint but also in terms of good health and freedom from pain and worry.   There are certain elements of damages provided by law that Plaintiff Tyson Lee Grayson is entitled to have the jury in this case consider separately to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff Tyson Lee Grayson for his injuries, damages and losses incurred from the date of the accident in question until the time of trial of this case, those elements of damages are as follows:

a.     The physical pain that Plaintiff Tyson Lee Grayson has suffered from the date of the occurrence in question up to the time of trial;

b.     The mental anguish that Plaintiff Tyson Lee Grayson has suffered from the date of the occurrence in question up to the time of trial;

Copy from re:SearchTX

<blockquote>
c.    The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff Tyson Lee Grayson's injuries from the date of the accident in question up to the time of trial;

d.    The loss and/or reduction of earnings and/or earning capacity sustained by Plaintiff Tyson Lee Grayson from the date of the occurrence in question up to the time of trial;

e.    The disfigurement which the Plaintiff Tyson Lee Grayson has suffered from the date of the occurrence in question up to the time of trial; and

f.    The physical impairment which the Plaintiff Tyson Lee Grayson has suffered from the date of the occurrence in question up to the time of trial.
</blockquote>

44.    Further, the following are elements of damages to be considered separately which Plaintiff Tyson Lee Grayson will sustain in the future beyond the trial that are determined by a preponderance of the evidence upon trial of this cause:

<blockquote>
a.    The physical pain that Plaintiff Tyson Lee Grayson will suffer in the future beyond the time of trial;

b.    The mental anguish that Plaintiff Tyson Lee Grayson will suffer in the future beyond the time of trial;

c.    The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff Tyson Lee Grayson's injuries in the future beyond the time of trial;

d.    The loss and/or reduction in Plaintiff Tyson Lee Grayson's earnings or earning capacity in the future caused by the injuries sustained in the occurrence in question;

e.    The disfigurement that the Plaintiff Tyson Lee Grayson will suffer in the future beyond the time of trial; and

f.    The physical impairment which the Plaintiff Tyson Lee Grayson will suffer in the future beyond the time of trial.
</blockquote>

Copy from re:SearchTX

45.     All of the requested damages are within the jurisdictional limits of this Court and were proximately caused by the Defendants' negligence, negligence *per se*, gross negligence, acts and/or omissions.

## VIII.
## Gross Negligence / Exemplary Damages

46.     Plaintiffs further allege that the Defendants' acts and/or omissions, as described herein, were the result of the Defendants' heedless and reckless disregard of the rights and welfare of the Plaintiffs.   The Defendants' acts and/or omissions, each and independently, involved such an entire want of care that when viewed objectively from the standpoint of each of the Defendants at the time of occurrence in question, the acts and omissions complained of herein involved an extreme degree of risk, considering the probability and magnitude of the potential harm, and of which each of the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of the Plaintiffs.   By reason of each of the Defendants' acts, conduct and/or omissions which constitute gross negligence, Plaintiff hereby seeks recovery of exemplary damages.

47.     Plaintiffs seek recovery of exemplary damages against the Defendants in an amount that the jury finds to be fair and reasonable under the circumstances so as to be sufficient to punish the Defendants and to deter others similarly situated from engaging in such grossly negligent and unconscionable conduct.

## IX.
## Required Disclosure

48.     Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer or general appearance (unless a different time is set by the parties' agreement or court order), the information or material described

Copy from re:SearchTX

in Rule 194.2(b)1-12.   Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined (unless a different time is set by the parties' agreement or court order).

## X.
## Rule 193.7 Notice

49.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby give actual notice to all Defendants that any and all documents and materials produced in response to written discovery may be used as evidence against the party producing the document(s) at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

## XI.
## Trial by Jury

50.     Plaintiffs, pursuant to the provisions of Rule 216 of the Tex. R. Civ. P., hereby respectfully request a trial by jury.

## XII.
## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Edwin Earl Grayson and Tyson Lee Grayson pray that Defendants Skylark Logistics, Inc., Sandeep Singh Curry, and Rajinder Kaur Lamey be cited and required to answer herein according to law, that this cause be set for trial before a jury, that Plaintiffs recover judgment, jointly and severally, of and from Defendants for their actual and exemplary damages, for all actions pled or allowed under the laws and statutes of Texas, together with all costs of suit, prejudgment interest, post-judgment interest, and such other and further relief, in law or in equity, at law or by statute, to which Plaintiffs may show themselves to be justly entitled.

Plaintiffs' Original Petition 3-24-2021.docx

Copy from re:SearchTX

Respectfully submitted,

TYLER & DAS

 /s/ Micky N. Das
Micky N. Das
Texas No. 05402300
1811 Bering Drive, Suite 225
Houston, Texas 77057
(713) 739-1900 Telephone
(713) 739-8347 Facsimile
mdas@tylerdaslaw.com

Christopher Rehmet
Texas Bar No. 24035414
Tate Rehmet Law Office, P.C.
2902 N. U.S. Highway 75
Sherman, Texas 75090
(903) 892-4440 Telephone
(903) 893-5558 Facsimile
Service email: service@tatelawoffices.com

**ATTORNEYS FOR PLAINTIFFS
EDWIN EARL GRAYSON and
TYSON LEE GRAYSON**

Copy from re:SearchTX

CITATION
THE STATE OF TEXAS
**CAUSE NO. D-1-GN-21-001295**

EDWIN EARL GRAYSON AND TYSON LEE GRAYSON

, Plaintiff

vs.

SKYLARK LOGISTICS, INC., SANDEEP SINGH CURRY, AND RAJINDER KAUR LAMEY

, Defendant

TO:   SKYLARK LOGISTICS INC
      295 MASON ROAD
      CAMBRIDGE ON N3C 2V4 CANADA,
      BY SERVING THROUGH THE SECRETARY OF STATE, RUTH R. HUGHS, OR HER AGENT/SUCCESSOR
      1019 BRAZOS STREET
      AUSTIN, TEXAS 78701

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the PLAINTIFFS' ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on MARCH 24, 2021 in the 250TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, March 26, 2021.

REQUESTED BY:
MICKY N. DAS
1811 BERING DR STE 225
HOUSTON, TX 77057-3375
BUSINESS PHONE:(713)739-1900  FAX:(713)739-8347

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RODRIGUEZ ALEXUS X

- - - - - - - - - - **R E T U R N** - - - - - - - - - -

Came to hand on the _____ day of _____ at _____ o'clock _____M., and executed at
_____ within the County of _____ on the _____ day of
_____, _____, at _____ o'clock _____M.,
by delivering to the within named _____, each in person, a true copy of this citation
together with the PLAINTIFFS' ORIGINAL PETITION accompanying pleading, having first attached such copy of such citation to such copy of pleading
and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____                          _____
                                                 Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

                                                 By:_____
_____ day of _____, _____.
                                                 _____
                                                 Printed Name of Server

_____          _____ County, Texas
Notary Public, THE STATE OF TEXAS

**D-1-GN-21-001295**          SERVICE FEE NOT PAID          **P01 - 000104712**

Unofficial copy Travis Co. District Clerk Velva L. Price

CITATION

THE STATE OF TEXAS

**CAUSE NO. D-1-GN-21-001295**

EDWIN EARL GRAYSON AND TYSON LEE GRAYSON

, Plaintiff

vs.

SKYLARK LOGISTICS, INC., SANDEEP SINGH CURRY, AND RAJINDER KAUR LAMEY

, Defendant

TO:   SANDEEP SINGH CURRY
      1156 CAEN AVE
      WOODSTOCK ON N4T 0G3 CANADA,
      BY SERVING THROUGH THE SECRETARY OF STATE, RUTH R. HUGHS, OR HER AGENT/SUCCESSOR
      1019 BRAZOS STREET
      AUSTIN, TEXAS 78701

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the PLAINTIFFS' ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on MARCH 24, 2021 in the 250TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, March 26, 2021.

REQUESTED BY:
MICKY N. DAS
1811 BERING DR STE 225
HOUSTON, TX 77057-3375
BUSINESS PHONE:(713)739-1900  FAX:(713)739-8347

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RODRIGUEZ ALEXUS X

- - - - - - - - - - - - **R E T U R N** - - - - - - - - - - - -

Came to hand on the _____ day of _____ at _____ o'clock ____M., and executed at

_____ within the County of _____ on the _____ day of

_____, _____, at _____o'clock ___M.,

by delivering to the within named _____, each in person, a true copy of this citation

together with the PLAINTIFFS' ORIGINAL PETITION accompanying pleading, having first attached such copy of such citation to such copy of pleading

and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____          _____ County, Texas
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

D-1-GN-21-001295          SERVICE FEE NOT PAID          P01 - 000104713

Unofficial copy of Travis Co. District Clerk Velva L. Price

CITATION

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-21-001295**

EDWIN EARL GRAYSON AND TYSON LEE GRAYSON

, Plaintiff

vs.

SKYLARK LOGISTICS, INC., SANDEEP SINGH CURRY, AND RAJINDER KAUR LAMEY

, Defendant

TO:    RAJINDER KAUR LAMEY
       1156 CAEN AVE
       WOODSTOCK ON N4T 0G3 CANADA,
       BY SERVING THROUGH THE SECRETARY OF STATE, RUTH R. HUGHS, OR HER AGENT/SUCCESSOR
       1019 BRAZOS STREET
       AUSTIN, TEXAS 78701

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the PLAINTIFFS' ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on MARCH 24, 2021 in the 250TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, March 26, 2021.

REQUESTED BY:
MICKY N. DAS
1811 BERING DR STE 225
HOUSTON, TX 77057-3375
BUSINESS PHONE:(713)739-1900  FAX:(713)739-8347

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RODRIGUEZ ALEXUS X

- - - - - - - - - - - **R E T U R N** - - - - - - - - - - -

Came to hand on the _____ day of _____ at _____ o'clock ____M., and executed at

_____ within the County of _____ on the _____ day of

_____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each in person, a true copy of this citation

together with the PLAINTIFFS' ORIGINAL PETITION accompanying pleading, having first attached such copy of such citation to such copy of pleading

and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

                                              _____
                                              Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

                                              By:_____

_____ day of _____, _____.
                                              _____
                                              Printed Name of Server

_____                    _____ County, Texas
Notary Public, THE STATE OF TEXAS

5/10/2021 7:55 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-21-001295**
**Chloe Jimenez**

CAUSE NO. D-1-GN-21-001295

| | | |
|---|---|---|
| EDWIN EARL GRAYSON and | § | IN THE DISTRICT COURT OF |
| TYSON LEE GRAYSON | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| SKYLARK LOGISTICS, INC., | § | |
| SANDEEP SINGH CURRY, and | § | |
| RAJINDER KAUR LAMEY | § | |
| *Defendants.* | § | 250TH JUDICIAL DISTRICT |

## DEFENDANTS SKYLARK LOGISTICS, INC., SANDEEP SINGH CURRY AND RAJINDER KAUR LAMEY'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE SUBJECT TO DEFENDANTS' MOTION TO TRANSFER VENUE

TO THE HONORABLE COURT:

COME NOW Defendants Skylark Logistics, Inc., Sandeep Singh Curry and Rajinder Kaur Lamey and file their Original Answer and Request for Disclosure Subject to Defendants' Motion to Transfer Venue, and as grounds for such would respectfully show unto the Court as follows:

**I.**
## DEFENDANTS' MOTION TO TRANSFER VENUE

1.    Plaintiffs' cause of action is based on a vehicle accident that occurred on April 3, 2020, in Bruceville-Eddy, McLennan County, Texas. (Exhibit A, Texas Department of Transportation Crash Report).

2.    Defendant Skylark Logistics, Inc. is a motor carrier with its principal office in Canada.  *See* Plaintiffs' Original Petition, paragraph 5.

3.    Defendant Sandeep Singh Curry is an individual that at the time of the accident resided in Canada.  *See* Plaintiffs' Original Petition, paragraph 6.

4.    Defendant Rajinder Kaur Lamey is an individual that at the time of the accident

resided in Canada.  *See* Plaintiffs' Original Petition, paragraph 6.

## II.
## ARGUMENTS AND AUTHORITY

5.      No mandatory venue provision applies in this proceeding and venue is permissive.

TEXAS CIVIL PRACTICE & REMEDIES CODE § 15.002(a) provides:

> (a)   Except as otherwise provided by this subchapter or Subchapter B or C, all lawsuits shall be brought:
>
> (1)    in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;
>
> (2)    in the county of the defendant's residence at the time of the cause of action accrued if defendant is a natural person;
>
> (3)    in the county of defendant's principal office in this state, if defendant is not a natural person; or
>
> (4)    if Subdivisions (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

6.      As set forth in the Texas Peace Officer's Crash Report, Exhibit A, the accident occurred in McLennan County.  As a result, all of the causes of action which form the basis of Plaintiffs' lawsuit occurred in McLennan County, Texas.  Accordingly, Travis County is an improper venue.  Rather, McLennan County is the only proper venue pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002(a)(1).

7.      As set forth in Plaintiffs' Original Petition none of the defendants reside or have a principal office in Travis County or any other county in Texas.

8.      In addition, Plaintiff Edwin Earl Grayson has an Oregon driver's license and listed his residence in the Texas Peace Officer's Crash Report as Bend, Oregon.

## III.

9.      Further, TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002(b) provides:

(b)    For the convenience of the parties and witnesses and in the interest of justice, a court may transfer an action from a county of proper venue under this subchapter or Subchapter C to any other county of proper venue on motion of a defendant filed and served concurrently with or before the filing of the answer where the court finds:

   (1)    maintenance of the action in the county of suit would work an injustice to the movant considering the movant's economic and personal hardship;

   (2)    the balance of interests to all the parties predominates in favor of the action being brought in the other county; and

   (3)    the transfer of the action would not work an injustice to any other party.

10.    Section 15.002(b) is virtually identical to its federal counter part and when the legislature adopts a statute with wording substantially similar to a federal statute, it is presumed that the legislature intended to adopt the federal court's construction of the statute.  *See Chiriboga v. State Farm Mut. Auto. Ins*., 96 S.W.3d 673, 682 (Tex. App.—Austin 2003, no pet.). The most important factor the Court considers in determining a non conveniens motion is the convenience of parties and material witnesses.  *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993).  The Court's focus is on the convenience of key, non-party witnesses. *Continental Airlines v. American Airlines*, 805 F. Supp. 1392, 1396-1397 (S.D. Tex. 1992).

11.    The accident herein occurred in McLennan County. The law enforcement officers responding to the accident, who are people with relevant knowledge of the cause of the accident, the demeanor and statements of all parties and witnesses, and the condition of Plaintiff after the accident, are from McLennan County. The scene of the accident and any witnesses to the accident and to the events leading up to and immediately following the accident likely reside in or immediately around McLennan County.

12.    The place of the alleged wrong is an important factor in determining whether to

transfer a case. *See Bevil v. Smith Americas, Inc.,* 883 F. Supp. 168 (S.D. Tex. 1995); *citing Sanders v. State Street Bank and Trust Co.,* 813 F. Supp. 529, 536 (S.D. Tex 1993). The accident forming the basis of this lawsuit occurred in McLennan County, rather than Travis County, weighing strongly in favor of transfer. *See Andrade v. Chojnacki*, 934 F. Supp. 817, 833 (S.D. Tex. 1996). The accident scene itself, which plays an important role, is in McLennan County. The investigating law enforcement officer, who will play an important role, is in McLennan County. Any witnesses to the accident, who will play an important role, will be in McLennan in County or in close proximity.

13.     Once challenged, the plaintiff has the burden to present prima facie proof by affidavit or other appropriate evidence that venue is maintainable in the county of suit. *In re Missouri Pac. R.R. Co.*, 998 S.W.2d 212 (Tex. 1999); *Wilson v. Texas Parks & Wildlife Department,* 886 S.W.2d 259, 260-61 (Tex. 1994).

### IV.
### GENERAL DENIAL

14.     The TEXAS RULES OF CIVIL PROCEDURE and, in particular Rule 92, affords citizens and corporations of this state certain protections with respect to lawsuits of this type. Accordingly, Defendants invoke the provisions of that rule and do generally deny the allegations now made against them by the Plaintiffs and their attorney.

15.     At any trial of this cause, Defendants will exercise their legal rights in this regard and require Plaintiffs to carry the burden of proof, which the law imposes upon them to prove each and every material allegation contained in their pleadings by a preponderance of the credible evidence.

### V.
### DEFENSES

16.     Defendants would show that Plaintiffs' alleged injuries and damages were

proximately caused by Plaintiff Edwin Earl Grayson's own negligent conduct, both of omission and commission, in one or more of the following respects:

(a)     Failing to timely and properly apply his brakes;
(b)     Faulty evasive action;
(c)     Failing to keep a proper lookout;
(d)     Driving at an excess speed in violation of §545.351 of the TEXAS TRANSPORTATION CODE; and
(e)     Failing to control his speed.

Each of these acts and/or omissions, singularly or in combination with the others, constituted negligence and negligence per se which proximately caused the occurrence made the basis of Plaintiffs' action and all damages alleged in this case.

17.     Defendants would show that Plaintiffs' damages, if any, were proximately caused by preexisting or subsequent physical conditions and medical conditions and/or accidents.

18.     As to medical expenses only the amount actually paid and/or incurred by Plaintiffs is recoverable by Plaintiffs in this lawsuit.  TEX. CIV. PRAC. & REM. CODE SECTION 41.0105.  Any amount that is discounted, written off, or adjusted following contribution of a third party payor (including but not limited to Medicaid, Medicare or by Managed Care Administrator) is not an amount that is "paid or incurred," and should not be submitted to the jury or included in any economic damage award.

19.     Plaintiffs' damages with respect to loss of earnings and/or loss of earning capacity, if any, are limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law as set forth in §18.091 of the TEXAS PRACTICE & REMEDIES CODE.

20.     Pleading further, Defendants state that Plaintiffs are not entitled to recover punitive damages or exemplary damages in any form or fashion in that it would violate Defendants' rights under the Constitution of the United States and the Constitution of the State

of Texas.

21.     In the alternative, and without waiving the foregoing, Defendants are entitled to the protections afforded to them under TEXAS PRACTICE & REMEDIES CODE ANN. §41.003 and §41.033 et. seq.

## VI.
## REQUEST FOR DISCLOSURE

22.     Pursuant to Tex. R. Civ. P. 194, Plaintiffs are hereby requested to disclose within 30 days after service of this Original Answer and Request for Disclosure, the information or material listed in Rule 194.2, with such information or material to be produced at Castagna Scott LLP, 1120 S. Capital of Texas Highway, Building 2, Suite 270, Austin, Texas 78746.

## VII.
## JURY DEMAND

23.     Defendants demand a trial by jury and tender their jury fee.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Skylark Logistics, Inc., Sandeep Singh Curry and Rajinder Kaur Lamey pray that their Motion to Transfer Venue is Granted, that the case is transferred to McLennan County, that upon final hearing hereof that Plaintiffs take nothing by way of their causes of action against Defendants, that costs of court be assessed against Plaintiffs, and for such other and further relief to which Defendants may show themselves justly entitled, either at law or in equity.

Respectfully submitted,

**CASTAGNA SCOTT LLP**
1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax


By: _/s/ Lynn S. Castagna_____
    Lynn S. Castagna
    State Bar No. 03980520
    Lynn@texasdefense.com
    Chuck Shiver
    State Bar No. 00792832
    Chuck@texasdefense.com

**ATTORNEYS FOR DEFENDANTS**


**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served upon the following person(s), in the manner(s) indicated below:

    ***VIA FACSIMILE: 713/739-8347***
    ***And/or VIA E-SERVICE***
    Micky N. Das
    Tyler & Das
    1811 Bering Drive, Suite 225
    Houston, Texas 77057

    ***VIA FACSIMILE: 903/893-5558***
    ***And/or VIA E-SERVICE***
    Christopher Rehmet
    Tate Rehmet Law Office, P.C.
    2902 N. U.S. Highway 75
    Sherman, Texas. 75090

and in accordance with the Texas Rules of Civil Procedure, on the 10th day of May, 2021.


    _/s/ Lynn S. Castagna_____
    Lynn S. Castagna

*Defs' Original Answer Subject to Defs' Motion to Transfer Venue*

# EXHIBIT A

Law Enforcement and TxDOT Use ONLY

☐ FATAL   ☒ CMV   ☐ SCHOOL BUS   ☐ RAILROAD   ☐ MAB   ☐ SUPPLEMENT   ☐ ACTIVE SCHOOL ZONE

Total Num. Units | 2    Total Num. Inpers | 4    TxDOT Crash ID

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2018)**

Mail to: Texas Department of Transportation, Crash Data and Analysis, P.O. Box 149349, Austin, TX 78714. Questions? Call 844/274-7457

Refer to Attached Code Sheet for Numbered Fields

*=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.).

Page 1 of 4

| *Crash Date (MM/DD/YYYY) 04/03/2020 | *Crash Time (24HR/MM) 2 3 4 5 | Case ID 2004-00058 | Local Use |
|---|---|---|---|

| *County McLennan | *City Name BRUCEVILLE-EDDY | ☐ Outside City Limit |
|---|---|---|

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☒ No   ☐ Yes
Latitude (decimal degrees) 3 1 ' 3 1 ' 6 7 6
Longitude — (decimal degrees) 9 7 ' 1 2 3 2 8

**ROAD ON WHICH CRASH OCCURRED**

| *1 Rdwy. Sys. IH | *Hwy. Num. 35 | 2 Rdwy. Part 1 | Block Num. | 3 Street Prefix N | Street Name INTERSTATE HIGHWAY 35 | 4 Street Suffix HWY |
|---|---|---|---|---|---|---|

☐ Crash Occurred on a Private Drive or Road Private Property/Parking Lot   ☐ Toll Road/ Toll Lane   Speed Limit 75   Const. Zone ☐ Yes ☒ No   Workers Present ☐ Yes ☒ No   Street Desc. MAIN/PROPER

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER**

| At Int. ☐ Yes ☒ No | 1 Rdwy. Sys. | Hwy. Num. | 2. Rdwy. Part | Block Num. | 3 Street Prefix | Street Name | 4 Street Suffix |
|---|---|---|---|---|---|---|---|

Distance from Int. or Ref. Marker 100   ☒ FT ☐ MI   3 Dir. from Int. or Ref. Marker N   Reference Marker 319   Street Desc.   RRX Num.

**VEHICLE, DRIVER & PERSONS**

| Unit Num. 1 | 5 Unit Desc. 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State ON | LP Num. 1095PV | VIN 1 F U J G L D R 2 H L C 3 0 8 1 |
|---|---|---|---|---|---|---|

| Veh. Year 2 0 1 7 | 6. Veh. Color RED | Veh. Make FREIGHTLINER | Veh. Model UNKNOWN | 7 Body Style TT | ☐ Pol. Frk, EMS on Emergency (explain in Narrative if checked) |
|---|---|---|---|---|---|

| 8 DL/ID Type 2 | DL/ID State CD | DL/ID Num. C9408-68988-70905 | 9 DL Class 98 | 10 CDL End. | 11 DL Rest. 98 | DOB (MM/DD/YYYY) 1 0 1 0 5 1 1 9 8 7 |
|---|---|---|---|---|---|---|

Address (Street, City, State, ZIP) 1186 CAEN AVE, WOODSTOCK, — N4T0G3

| Person Num. | 12 Prsn Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Al. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | CURRY, 99   SANDEEP SINGH | B | 2 | A | 1 | 1 | 99 | 1 | 97 | N | 96 | | 96 | 97 | 97 |
| 2 | 2 | 10 | LAMEY, 99   RAJINDER KAUR | B | 32 | A | 2 | 1 | 99 | 1 | 97 | N | Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit. | | | |

☒ Owner ☐ Lessee   Owner/Lessee Name & Address   SKYLARK LOGISTICS INC, 7285 MASON ROAD, CAMBRIDGE, ONTARIO N3C2V4

Proof of Fin. Resp. ☒ Yes ☐ No   ☐ Expired ☐ Exempt   26 Fin. Resp. Type 1   Fin. Resp. Name OLD REPUBLIC INSURANCE COMPANY   Fin. Resp. Num. T35736C

Fin. Resp. Phone Num. (905) 523-5936   27 Vehicle Damage Rating 1 1 2 - F R - 3   27 Vehicle Damage Rating 2 3 - R P - 4   Vehicle Inventoried ☐ Yes ☒ No

Towed By TOW KING WRECKER SERVICE   Towed To 7191 BAGBY, WACO, TX 76712

| Unit Num. 2 | 5 Unit Desc. 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State OR | LP Num. T612729 | VIN 1 F T 8 W 3 D T 9 L E C 4 2 7 |
|---|---|---|---|---|---|---|

| Veh. Year 2 0 2 0 | 6. Veh. Color WHI | Veh. Make Ford | Veh. Model F SERIES | 7 Body Style TR | ☐ Pol. Frk, EMS on Emergency (explain in Narrative if checked) |
|---|---|---|---|---|---|

| 8 DL/ID Type 1 | DL/ID State OR | DL/ID Num. 1972644 | 9 DL Class 98 | 10 CDL End. | 11 DL Rest. 96 | DOB (MM/DD/YYYY) 0 7 1 2 4 1 9 5 6 |
|---|---|---|---|---|---|---|

Address (Street, City, State, ZIP) 20838 NE SIERRA DR UNIT 1, BEND, OR 97701

| Person Num. | 12 Prsn Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Al. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | GRAYSON, 96 EDWIN EARL | B | 63 | 99 | 1 | 1 | 2 | 97 | N | 96 | | 96 | 97 | 97 | |
| 2 | 2 | 3 | GRAYSON, 96   TYSON LEE | B | 33 | 99 | 1 | 1 | 2 | 97 | N | Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit. | | | | |

☒ Owner ☐ Lessee   Owner/Lessee Name & Address   EAN HOLDINGS LLC, 20955 SW GERDA LANE, SHERWOOD, OR 97140

Proof of Fin. Resp. ☒ Yes ☐ No   ☐ Expired ☐ Exempt   26 Fin. Resp. Type 7   Fin. Resp. Name EAN HOLDINGS, LLC   Fin. Resp. Num. 116

Fin. Resp. Phone Num. (973) 921-5500   27 Vehicle Damage Rating 1 1 2 - F C - 7   27 Vehicle Damage Rating 2   Vehicle Inventoried ☐ Yes ☒ No

Towed By TOW KING WRECKER SERVICE, 7191 BAGBY, WA   Towed To 7191 BAGBY, WACO, TX 76712

5 Pages SCANNED : Fri, 17 Apr 2020 19:17:43 GMT

Law Enforcement and TxDOT Use ONLY.
Form CR-3   (Rev. 1/1/2018)

| Case ID | 2004-00058 |
| TxDOT Crash ID | |

**DISPOSITION OF INJURED/KILLED**

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HR:MM) |
|---|---|---|---|---|---|
| 1 | 2 | | AMERICAN MEDICAL RESPONSE | | |
| 1 | 1 | | AMERICAN MEDICAL RESPONSE | | |
| 2 | 2 | | AMERICAN MEDICAL RESPONSE | | |
| 2 | 1 | | AMERICAN MEDICAL RESPONSE | | |
| | | | | | |

**CHARGES**

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**DAMAGE**

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| INTERSTATE METAL GUARD RAILING | STATE OF TEXAS | |

**CMV**

| Unit Num. | 1 | ☒ 10,001+ LBS. | ☐ TRANSPORTING HAZARDOUS MATERIAL | ☐ 9+ CAPACITY | CMV Disabling Damage? ☒ Yes ☐ No | 26 Veh. Oper. 1 | 29 Carrier ID Type 1 | Carrier ID Num. 01193154 |

| Carrier's Corp. Name | SKYLARK LOGISTICS INC | Carrier's Primary Addr. | 7295 MASON ROAD, CAMBRIDGE, NA N3C2V | 30 Veh. Type 9 |

| 31 Bus Type 0 | ☒ RGVW ☐ GVWR | 5 0 0 0 0 | HazMat Released ☐ Yes ☐ No | 32 HazMat Class Num. | HazMat ID Num. | 32 HazMat Class Num. | HazMat ID Num. | 33 Cargo Body Type 3 |

| Unit Num. | ☐ RGVW ☐ GVWR | | 34 Trlr. Type | CMV Disabling Damage? ☐ Yes ☐ No | Unit Num. | ☐ RGVW ☐ GVWR | | 34 Trlr. Type | CMV Disabling Damage? ☐ Yes ☐ No |

| Sequence Of Events | 35 Seq. 1 18 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Intermodal Shipping Container Permit ☐ Yes ☒ No | Actual Gross Weight | Total Num. Axles |

**FACTORS & CONDITIONS**

| Unit # | 36 Contributing Factors (Investigator's Opinion) | | | 37 Vehicle Defects (Investigator's Opinion) | | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Contributing | May Have Contrib. | Contributing | May Have Contrib. | | | | | | | |
| 1 | 20 | | 19 | 40 | | | | | | | | |
| 2 | 20 | | 19 | 40 | | 1 | 3 | 98 | 4 | 3 | 2 | 17 |

**NARRATIVE AND DIAGRAM**

Investigator's Narrative Opinion of What Happened (Attach Additional Sheets if Necessary)

See Attached

Indicate North

Field Diagram - Not to Scale

X = IMPACT

NB IH 35 MM 319

**INVESTIGATOR**

| Time Notified (24HR:MM) 2 3 4 5 | How Notified DISPATCH | Time Arrived (24HR:MM) 2 3 4 7 | Report Date (MM/DD/YYYY) 04/04/2020 | |
| Invest. Comp. ☒ Yes ☐ No | Investigator (Name Printed) Martinez, J | | ID Num. 894 |
| ORI Num. T X 1 5 5 2 6 0 0 | *Agency BRUCEVILLE-EDDY POLICE DEPARTMENT | | Service/ Region/DA |

5 Pages SCANNED : Fri, 17 Apr 2020 19:17:43 GMT

## CRASH NARRATIVE

CASE NUMBER: 2004-00058          OFFICER NAME: Martinez, J          NEAREST CITY:   BRUCEVILLE-EDDY

CRASH DATE/TIME: 4/3/2020 11:45:47 PM          COUNTY: McLennan

On 04/03/2020 at approximately 11:45 PM, Unit #1 was traveling northbound in the center of Interstate Highway 35 near mile marker 319 Bruceville, TX 76630. At this time Unit #1 began drifting towards the right side of the roadway, eventually crossing into the right-hand lane then into the right-hand shoulder and then off the roadway. Unit #1 then sharply turned towards the left-side of the roadway causing Unit #1 to roll over. Immediately following the roll over of Unit #1, Unit #2 while also traveling northbound, crashed directly into the rolled over Unit #1. Unit #1 had extensive trailer damage, passenger side vehicle with no airbag deployment and caused significant damages to the guard railing of the interstate. Unit #2 had extensive front end damages and had full airbag deployment from the crash. Both occupants to Unit #1 and Unit #2 were transported to the hospital by emergency medical services. Both Unit #1 and Unit #2 were towed by Tow King in Waco TX.

5 Pages SCANNED : Fri, 17 Apr 2020 19:17:43 GMT

CRASH DIAGRAM

CASE NUMBER: 2004-00058

CRASH DATE/TIME: 4/3/2020 11:45:47 PM

OFFICER NAME: Martinez, J

NEAREST CITY: BRUCEVILLE-EDDY

COUNTY: McLennan



X = IMPACT



NB IH 35 MM 319

5 Pages SCANNED : Fri, 17 Apr 2020 19:17:43 GMT